SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4824 PA (RZx) | Date | July 10, 2009 |
|---|---|---|---|
| Title | California Drop Forge, Inc. v. Alenia Aeronautica S.p.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Alenia Aeronautica SpA ("Alenia Italy") and Alenia North America, Inc. ("Alenia NA") (collectively "Removing Defendants") on July 6, 2009.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The defendant also has the burden of showing that it has complied with the procedural requirements for removal."  Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

Removing Defendants' Notice of Removal appears untimely.  "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint."  Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b).  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. § 1446(b).  Failure to comply with the statutory time limit bars removal.  See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982).  In cases with multiple defendants, "[t]he majority of courts have held that the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint—the 'first-served' rule."  McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000); see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4824 PA (RZx) | Date | July 10, 2009 |
|---|---|---|---|
| Title | California Drop Forge, Inc. v. Alenia Aeronautica S.p.A., et al. | | |

United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

Here, Removing Defendants allege that Alenia NA was served with the Complaint on March 16, 2009, and with the First Amended Complaint on June 6, 2009. Alenia Italy claims that plaintiff's attempt to serve it with the First Amended Complaint on June 6, 2009 was not effective. The Notice of Removal does not allege if Alenia Italy was ever served with the Complaint. According to Removing Defendants, the Notice of Removal is timely because it was made within thirty (30) days of service of the First Amended Complaint. However, the Notice of Removal was filed nearly four months after Alenia NA was served with the Complaint. As such the Notice of Removal was not filed within thirty (30) days of service of the Complaint and is therefore untimely.

Indeed, although Removing Defendants now contend that Alenia NA has been fraudulently joined to defeat removal, there are no substantive changes between the Complaint and the First Amended Complaint that explain why that is true now but was not apparent from the allegations contained in the Complaint. If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. See id.

While fraudulent joinder may defeat diversity, the timeliness requirement of 28 U.S.C. § 1446(b) still applies. See Parrino, 146 F.3d at 703. Allenia NA had to remove within 30 days of its being served with a removable Complaint. Even under Removing Defendants' own fraudulent joinder theory, they could have removed following service of the Complaint. They failed to do so. As a result, the Notice of Removal following service of the First Amended Complaint was untimely.

Moreover, the allegations in the First Amended Complaint make it more difficult rather than less

SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4824 PA (RZx) | Date | July 10, 2009 |
|---|---|---|---|
| Title | California Drop Forge, Inc. v. Alenia Aeronautica S.p.A., et al. | | |

to conclude that Allenia NA was fraudulently joined. The First Amended Complaint, for instance, alleges that "Allenia S.p.A. utilized Allenia NA to perform acts with respect to the business dealings at issue here, that in the absence of Allenia NA, Alenia S.p.A. would have had to undertake on its own. CDF is further informed and believes that at all times relevant herein, Alenia NA held itself out as an agent and alter ego of Alenia S.p.A. by making critical business decisions on Alenia S.p.A.'s behalf and performing business functions which Alenia S.p.A. would normally conduct through its own employees, agents, or departments." Based on these allegations, the Court cannot conclude that Allenia NA has been fraudulently joined. Therefore, in addition to the procedural defects, Removing Defendants have also failed to meet their burden to establish this Court's diversity jurisdiction.

For the foregoing reasons, the Court remands this case for failure to comply with the removal requirements of 28 U.S.C. § 1446 and lack of subject matter jurisdiction. Accordingly, the Court hereby remands this action to Los Angeles County Superior Court, Case No. BC 403713. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.